1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                       EASTERN DISTRICT OF CALIFORNIA

8

9   ROBERT DEMISON III,                  )        1:07-cv-01717-AWI-SMS-PC
                                          )
10               Plaintiff,               )
                                          )
11           v.                           )        ORDER GRANTING MOTION FOR
                                          )        RECONSIDERATION
12                                        )        (Docs 11, 12.)
    A. ABSHIRE, et al.,                   )
13                                        )        ORDER AFFIRMING ORDER DENYING
                                          )        APPOINTMENT OF COUNSEL
14               Defendants.              )        (Doc. 10.)
    _____ )

15

16          Plaintiff, Robert Demison III ("plaintiff"), is a prisoner proceeding pro se and in forma pauperis

17   in this civil rights action under 42 U.S.C. § 1983.  On August 29, 2008 and November 21, 2008, plaintiff

18   filed motions for reconsideration of the court's order denying plaintiff's motion for appointment of

19   counsel.

20   **I.        MOTION FOR RECONSIDERATION**

21          Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick Garin</u>

22   <u>Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en

23   banc).  The Local Rules provide that when filing a motion for reconsideration, a party  show that the

24   "new or different facts or circumstances claimed to exist which did not exist or were not shown upon

25   such prior motion, or what other grounds exist for the motion."   Local Rule 78-230(k)(3).

26          Plaintiff's motion to appoint counsel, filed May 15, 2008, was brought on the grounds that he

27   lacks knowledge needed to properly respond to the defendants and due to his incarceration, he is unable

28                                                    1

1  to make an appropriate investigation or handle discovery issues which may arise. (Doc. 9.)  The court

2  denied the motion for appointment of counsel without prejudice on May 22, 2008.  (Doc. 10.)  In his

3  motions for reconsideration, plaintiff also argues that he is unable to afford counsel, his imprisonment

4  will greatly limit his ability to litigate, and the issues in this case are complex and will require significant

5  research and investigation.  Plaintiff also informs the court that he is unable to use the law library at the

6  Fresno County Jail because this is a civil matter, and due to his placement in Administrative Segregation,

7  he is not allowed to obtain books needed to litigate.  Plaintiff also argues that counsel should be

8  appointed to enable him to present evidence and cross-examine witnesses at trial.  (Doc. 11.)  Based on

9  these new arguments, the court shall reconsider its order denying appointment of counsel.

10      As the court previously informed plaintiff, plaintiff does not have a constitutional right to

11  appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court

12  cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United

13  States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

14  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel

15  pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and

16  compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional

17  cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both

18  the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se*

19  in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations

20  omitted).

21      The court has read plaintiff's complaint, in which he alleges that the defendants, officers

22  employed at the Fresno County Jail, violated his constitutional rights to due process and discriminated

23  against him when they refused to issue him a Regular food tray and instead tried to replace it with a

24  Religious Belief  "Kosher" meal for Muslims, when plaintiff is not a Muslim.  Plaintiff alleges he

25  suffered inconvenience and discomfort due to defendants' carelessness and negligence.  Plaintiff requests

26  as relief ten million dollars in money damages.  Although plaintiff may have been inconvenienced and

27  uncomfortable, the allegations he brings against defendants are not serious compared to many cases

28

2

1 received by the court from prisoners alleging excessive force resulting in great bodily harm, inadequate

2 medical care, and retaliation.   At this early stage of the proceedings, the court cannot make a

3 determination that plaintiff is likely to succeed on the merits.  Moreover, the court has not yet screened

4 plaintiff's complaint to determine whether it states cognizable claims, as required by 28 U.S.C. § 1915A.

5 Even if it were assumed that plaintiff has made serious allegations which, if proved, would entitle him

6 to relief, his case is not exceptional.  This court is faced with similar cases almost daily.   Thus, the court

7 does not find good cause at this time to modify its order denying appointment of counsel.

8          Based on the foregoing, IT IS HEREBY ORDERED that:

9          1.      Plaintiff's motion for reconsideration is GRANTED; and

10          2.      The court's order of May 15, 2008, denying appointment of counsel without prejudice,

11                  is AFFIRMED.

12 IT IS SO ORDERED.

13 **Dated:   February 12, 2009**          /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  3